**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DANIEL P. GOOD,
    Plaintiff,

vs

OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION,
    Defendant.

Case No. 1:15-cv-190

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate in state custody who is currently confined at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this civil rights action under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction (ODRC) as the sole named defendant. (*See* Doc. 4, Complaint, pp. 1, 4, at PAGEID#: 11, 14). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Also pending before the Court is plaintiff's motion for preliminary injunction or temporary restraining order, which was filed on March 16, 2015, when plaintiff initiated the action. (Doc. 1).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at

470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, alleges various causes of action against the ODRC. He first claims that the ODRC has done "nothing" in response to grievances he has filed about continuing inmate assaults, which began when he was incarcerated at Mansfield Correctional Institution and which may have caused him to have a "disease or blood infection." (Doc. 4, Complaint, p. 5, at PAGEID#: 15). Second, plaintiff claims that he has been beaten and also "pushed down a flight of stairs" by SOCF correctional officers while immobilized in handcuffs and leg irons in retaliation for filing "grievances and complaints to supervisors." (*Id.*). Third, plaintiff alleges that while at SOCF, he has been denied access to the courts and the prison law

3

library and has not been able to "effectively complain or utilize th[e] prison's grievance procedure." (*Id.*, pp. 5-6, at PAGEID#: 15-16). Fourth, plaintiff complains about an incident that occurred at SOCF on March 1, 2015, when he was maced by a correctional officer and "not allowed to decontaminate" or receive medical attention. (*Id.*, p. 7, at PAGEID#: 17). Plaintiff states:

> ODRC has neglected my safety and has placed my life in danger multiple times while in its custody and care since entering prison on 1-18-2013. As a result of this negligence and deliberate indifference, I have sustained life altering personal injuries that I must live with and endure for the rest of my natural life. Instead of leaving prison a rehabilitated man on 6-29-2015, I will be leaving prison a damaged man, worse off th[a]n before entering prison.

(*Id.*). As relief, he requests that the ODRC be ordered to pay him $100,000 in damages and to cover his medical expenses when he is released from prison for treatment of injuries incurred while in prison. (*Id.*, p. 8, at PAGEID#: 18). He also requests the issuance of a "temporary restraining order due to 'imminent danger' being present." (*Id.*). In his motion for temporary restraining order/preliminary injunction, plaintiff similarly requests that the issuance of an "order of protection from retali[a]tory attacks by officers" and/or "transfer to a safer environment at another prison." (*See* Doc. 1, at PAGEID#: 4).

Although some of the factual allegations contained in plaintiff's complaint are troubling, the complaint is subject to dismissal because plaintiff has failed to state an actionable claim against the ODRC, as the sole named defendant. The state agency is not a "person" or legal entity that may be sued under § 1983. *See, e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the

4

state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002). *Cf. Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons'" who may be held liable for constitutional violations in a § 1983 action). Furthermore, to the extent that plaintiff seeks damages in the instant action, the Eleventh Amendment bars plaintiff's cause of action against the state agency defendant. *McGlone*, *supra*, 2013 WL 1563265, at *3 (citing *Rodgers*, 29 F. App'x at 260); *see also Will*, 491 U.S. at 66-71; *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012) (per curiam).

In addition, because the complaint is subject to dismissal, plaintiff's motion for temporary restraining order or preliminary injunction (Doc. 1) must also be denied. Even assuming, solely for the sake of argument, that plaintiff has alleged an actionable claim for relief in the complaint, a temporary restraining order or preliminary injunction is not warranted in this case because the purpose for granting such relief—to preserve the status quo until a trial on the merits can be held, *see Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991)— would not be served. According to plaintiff, the present status quo is that he has suffered numerous violations of his constitutional rights. The remedy plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id*.

5

Accordingly, in sum, the undersigned concludes that the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and that plaintiff's motion for temporary restraining order or preliminary injunction (Doc. 1) should be denied, because plaintiff has failed to state a claim upon which relief may be granted against the sole named defendant.

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint (Doc. 4, Complaint) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. Plaintiff's motion for temporary restraining order or preliminary injunction (Doc. 1) be **DENIED**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

>                *s/Stephanie K. Bowman*
>                Stephanie K. Bowman
>                United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| DANIEL P. GOOD,<br>      Plaintiff, | Case No. 1:15-cv-190 |
| vs | Dlott, J.<br>Bowman, M.J. |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION,<br>      Defendant. | |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc